UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Brandon McGoogan, <br><br> Plaintiff, <br> v. <br> Casting360, LLC; and DOES 1-10, inclusive, <br><br> Defendants. | Civil Action No.: 1:15-cv-168 <br><br> **COMPLAINT** |

For this Complaint, the Plaintiff, Brandon McGoogan, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Brandon McGoogan ("Plaintiff"), is an adult individual residing in Baltimore, Maryland, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant, Casting360, LLC ("Casting360"), is a California business entity with an address of One Market Plaza, Suite 1010, San Francisco, California 94105, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Does 1-10 (the "Agents") are individual agents employed by Casting360 and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be

joined as parties once their identities are disclosed through discovery.

6. Casting360 at all times acted by and through one or more of the Agents.

## FACTS

7. In or around March 2014, Casting360 began calling Plaintiff's cellular telephone, number 443-XXX-4166.

8. Casting360 called Plaintiff using an automated dialing system ("ATDS" or "Predictive Dialer").

9. When Plaintiff answered calls from Casting360 he experienced a brief period of silence before being connected to a live representative.

10. Casting360 called in an attempt to solicit their services.

11. Plaintiff never provided his cellular telephone number to Casting360 and never provided his consent to be called by Casting360.

12. During the initial conversation, Plaintiff informed Casting360 that he was not interested in their services.

13. Nevertheless, Casting360 continued to call Plaintiff's cellular telephone number.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

14. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. At all times mentioned herein and within the last four years, Defendants called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer").

16. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

17. Defendants' telephone systems have some earmarks of a Predictive Dialer. Often when Plaintiff answered the phone, he was met with a period of silence before Defendants' telephone system would connect him to the next available representative.

18. Upon information and belief, Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

19. Plaintiff never provided his cellular telephone number to Defendants and never provided his consent to be called on his cellular telephone.

20. The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

21. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

22. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

23.     Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each call made in knowing and/or willful violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: January 21, 2015

Respectfully submitted,

By   /s/ Sergei Lemberg
Sergei Lemberg, Esq.
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
ATTORNEYS FOR PLAINTIFF